OPINION
Appellant, Nicholas P. White, is appealing from the Lake County Court of Common Pleas' finding that he is a sexual predator.
On July 21, 1998, appellant pleaded guilty to two counts of corruption of a minor, violations of R.C. 2907.04 and felonies of the fourth degree. The charges arose from consensual sexual activity that appellant engaged in with a minor who was thirteen years of age. On August 19, 1998, an HB 180 hearing was held to determine if appellant was a sexual predator. In a September 1, 1998 judgment entry, the trial court sentenced appellant to twelve months of incarceration on each count, with the sentences to run concurrently, and determined that appellant was a sexual predator.
Among the items considered by the trial court in making its sexual predator determination was a March 5, 1993 sex offender risk assessment prepared by Crossroads Adolescent Counseling and Prevention Services ("the Crossroads Assessment"). This assessment was prepared after appellant was found true on one count of gross sexual imposition for sexually abusing a three-year-old boy.
The court also considered a psychological evaluation prepared by the forensic psychiatric clinic of the Lake County Court of Common Pleas ("the psychological evaluation"). In the opinion portion of the psychological evaluation, the director of the clinic noted that because appellant suffers from mild mental retardation, his "judgment and impulse control are compromised. * * * [Appellant's] behavior is likely driven by emotion and basic drives such as sexuality, and he has impaired ability to maturely and rationally reflect on the consequences of his behavior."
Appellant has filed a timely appeal and makes the following six assignments of error:
 "[1.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because [appellant's] fundamental rights have been impaired.
 "[2.] R.C. 2950.09(C) is unconstitutionally vague, thus denying [appellant] due process of law.
 "[3.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.
 "[4.] The finding that [appellant] is a sexual predator is against the manifest weight of the evidence.
 "[5.] The trial court erred to the prejudice of [appellant] when it denied him the opportunity to be evaluated by the Lake County Psychiatric Clinic in preparation for the sexual predator determination hearing.
 "[6.] The trial court erred to the prejudice of [appellant] by admitting the psychiatric assessment prepared by Crossroads at his HB 180 hearing, where such report was admitte[d] without any prior notice and [appellant] was thus denied his fundamental right to due process and an effective cross-examination."
In his first assignment of error, appellant contends that R.C. 2950.09
violates the Equal Protection Clause of the Fourteenth Amendment; therefore, the trial court's finding that he was a sexual predator was prejudicial error. Protecting the public from sex offenses is a legitimate state interest. State v. Randall (Jan. 19, 2001), Lake App. No. 99-L-040, unreported, 2001 WL 46232, at 1. Because R.C. 2950.09 is rationally related to a legitimate state interest, it does not offend substantive due process and equal protection. Id.; State v. Williams
(2000), 88 Ohio St.3d 513, 529-531; State v. Nahrstedt (Dec. 29, 2000), Lake App. No. 98-L-236, unreported, 2001 WL 20549, at 1. Therefore, appellant's first assignment of error is without merit.
Appellant contends in his second assignment of error that R.C. 2950.09(C) is void because it is unconstitutionally vague. The Supreme Court of Ohio, however, found "nothing impermissibly vague about the use of the clear and convincing standard in R.C. Chapter 2950," and that the statute provided adequate guidelines for a court to make a sexual predator determination. Williams, 88 Ohio St.3d at 533. Therefore, appellant's second assignment of error lacks merit.
Appellant asserts in his third assignment of error that R.C. 2950.09(C) constitutes cruel and unusual punishment. In State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, 2000 WL 1041444, at 3, this court held that "the prohibition against cruel and unusual punishment does not have any application to the sexual offender laws." Therefore, appellant's third assignment of error lacks merit.
In his fourth assignment of error, appellant contends that the trial court's finding that appellant was a sexual predator was against the manifest weight of the evidence. We disagree.
This court's role, in determining if a verdict was against the manifest weight of the evidence, is to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, "the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, paragraph three of the syllabus.
A "sexual predator" is a person who: (1) has been convicted or pleaded guilty to committing a sexually oriented offense; and (2) is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E). The determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(C)(2)(b). The factors to be considered in making that determination are set forth in R.C. 2950.09(B)(2) as follows: (1) the offender's age; (2) his prior criminal record; (3) the victim's age; (4) whether there were multiple victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) whether the offender, if previously convicted of a sex offense, participated in programs for sexual offenders; (7) any mental illness or disability of the offender; (8) the nature of the offender's conduct and whether that conduct demonstrated a pattern of abuse; (9) whether the offender displayed cruelty or made threats of cruelty during the commission of the sexually oriented offense; and (10) any additional behavioral characteristics that contributed to the offender's conduct.
The trial court need only consider the foregoing factors and is not required to refer to each factor in making its determination. Randall,supra, unreported, at 3. Further, "[a] trial court may find an offender to be a sexual predator `even if only one or two statutory factors arepresent, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" (Emphasis sic.) Id. at 4, quotingState v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported, 2000 WL 134730, at 3.
In this case, the trial court found that:
"a.) [Appellant] is nineteen (19) years of age;
 "b.) [Appellant] has a juvenile record with adjudications involving sexual conduct and/or contact;
 "c.) The victim of the sexually oriented offense was thirteen (13) years of age at the time of the crime;
 "[d.]) [Appellant] has been diagnosed with mild mental retardation as set forth in the psychiatric evaluation prepared and submitted by the Lake County Psychiatric Clinic;
 "[e.]) That the nature of [appellant's] sexual conduct, sexual contact, or interaction in a sexual context was a demonstrated pattern of abuse;
 "[f.]) The Court finds [appellant] has little impulse control."
 In view of the foregoing, it is evident that the trial court made findings that refer to the factors set forth in R.C. 2950.09(B)(2). Given appellant's juvenile adjudication and his lack of impulse control, as noted in his psychological evaluation, this court cannot conclude that the trial court erred in determining that appellant was likely to engage in sexually oriented offenses in the future. Therefore, we conclude that the adjudication of appellant as a sexual predator was not against the manifest weight of the evidence and appellant's fourth assignment of error is without merit.
In his fifth assignment of error, appellant argues that the trial court denied him due process and equal protection when it refused to provide funds for him to obtain a psychiatric evaluation to assist in his defense.
The Supreme Court of Ohio has held that "an expert witness shall be provided to an indigent defendant * * * if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses * * *." State v. Eppinger (2001),91 Ohio St.3d 158, 162.
One might read that language to mean that in reviewing such a request, a court should give appropriate consideration to the factual predicate of the case before it. For example, the Second Appellate District held that the trial court abused its discretion in denying the appellant a psychiatric evaluation when there was no trial transcript, no victim impact statement, no presentence report, no offense reports, or other background material available to assist the court in making the predator determination. State v. Adkins (June 29, 2001), Greene App. No. 2000-CA-15, unreported, 2001 Ohio App. LEXIS 2905, at 7.
The Eighth Appellate District held that because a sexual predator hearing is similar to a sentencing hearing and is not considered punishment, "the decision of whether psychological expert assistance must be provided at the sexual predator hearing is left to the discretion of the trial court for determination on a case by case basis." State v.Goodall (July 6, 2000), Cuyahoga App. No. 76491, unreported, 2000 WL 897309, at 1. The Goodall court further held that an indigent defendant is entitled to the appointment of a psychiatric expert at state expense if need is shown. Id. at 2. For an indigent defendant to show need, he must show "`more than a mere possibility of assistance from an expert.'"Id., quoting State v. Broom (1988), 40 Ohio St.3d 277, 283. In our view, this holding is consistent with the Supreme Court's result inEppinger.
We would note that, in the case at hand, appellant conceded at oral argument that no such request was made. In the absence of such a request, we cannot hold that the trial court abused its discretion by failing to provide for such an evaluation.[1] Further, the trial court had ample material to consider in making its sexual predator determination, including a presentence report, the psychological evaluation, and the Crossroads Assessment. Therefore, appellant's fifth assignment of error is without merit.
In his sixth assignment of error, appellant contends that the Crossroads Assessment was improperly admitted for the trial court's consideration at appellant's HB 180 hearing. We disagree.
The Supreme Court of Ohio has held that "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. State v.Cook (1998), 83 Ohio St.3d 404, 425. "Though the Rules of Evidence are not strictly in force at sexual-predator hearings, evidence presented at these hearings must have some indicia of reliability." State v. Hurst
(Apr. 10, 2000), Columbiana App. No. 97 CO 60, unreported, 2000 WL 459681, at 2, citing State v. Lee (June 26, 1998), Hamilton App. No. C-970440, unreported. For evidence to be reliable there must be a reasonable probability that it is true. Our Place, Inc. v. Ohio LiquorControl Comm. (1992), 63 Ohio St.3d 570, 571. The Third Appellate District has deemed a psychological evaluation that was more than ten years old to be reliable hearsay. State v. Zabrosky (Dec. 7, 1999), Seneca App. No. 13-99-11, unreported, 1999 WL 1100157, at 2. AccordState v. Kelly (Apr. 25, 2001), Mahoning App. No. 99 C.A. 116, unreported, 2001 WL 436224, at 1; State v. Schall (May 3, 2001), Franklin App. No. 00AP-1215, unreported, 2001 WL 460895, at 1.
Appellant contends that he was denied his Sixth Amendment right to confront witnesses with respect to the Crossroads Assessment. In Statev. Cooey (1989), 46 Ohio St.3d 20, the Supreme Court of Ohio addressed the issue of the right to confrontation or cross-examination in connection with psychological reports. In Cooey, the Court considered a presentence investigation report, which quoted from a court ordered psychiatric examination. Id. at 31. The defendant, Cooey, argued that without requiring the psychiatrist to testify, the introduction of the report violated the Confrontation Clause of the Sixth Amendment. Id. at 32. The Supreme Court rejected this argument, holding that, with respect to post-conviction reports, due process requires only that the defendant be given the chance to rebut any alleged inaccuracies. Id. at 33. A defendant who has not challenged the accuracy of a post-conviction report has not been denied an opportunity for cross-examination or confrontation. Id. Here, appellant has failed to identify any alleged inaccuracies in the Crossroads Assessments. Further, as the Zabrosky
court noted, a sexual predator hearing does not involve a determination of guilt or innocence; it simply determines the offender's registration status, and the right of confrontation is not implicated in that context. Zabrosky at 2.
Although we understand the implications of Cook, and that the rules of evidence do not strictly apply in a sexual predator determination, we are concerned that the spirit of due process is lacking, particularly when the trial court may rely significantly, if not entirely, on presentence reports and psychological evaluations as it considers the factors enumerated in R.C. 2950.09(B)(2). We envision, with some trepidation, a situation where the state would fail, by other types of evidence, to meet the clear and convincing standard in support of the conclusion that the defendant is a sexual predator, but that the trial court, relying primarily on presentence and psychological reports, would nevertheless reach that conclusion. Under such circumstances, the defendant has the onus to counteract such "privileged" material with competent evidence to the contrary.
In spite of our reservations about the use of presentence investigation reports and psychological and/or psychiatric examinations in the greater scheme of the sexual predator adjudication process, with respect to the instant matter, appellant's sixth assignment of error lacks merit.
The judgment of the Lake County Court of Common Pleas is affirmed.
CHRISTLEY, J. and NADER, J. concur.
[1] On appeal, appellant contends that "[a] psychiatric evaluation would have been utilized to analyze information gathered from [appellant] and draw plausible conclusions about his mental status and about the effects of his mental status on his future behavior." Even if this argument had been presented to the trial court, it would not have demonstrated more than the "mere possibility" of assistance from a psychiatric expert.